DUTTON *vs.* KELSEY and others.

ERROR from the Franklin common pleas. Dutton sued Kelsey and the others in a justice's court for not collecting an execution, put into his hands as a constable, (the other defendants being the sureties of Dutton,) and obtained judgment. The defendants appealed. On the trial of the cause in the common pleas, the plaintiff produced an instrument in writing, in the following words, executed by the defendants : "We Abel Kelsey, chosen a constable in the town of Fort Covington, in the county of Franklin, and Benjamin O. Harrington and John S. Eldridge, do hereby jointly and severally agree to pay to each and every person, such sum of money as the said constable shall become liable to pay for or on account of any execution which shall be delivered to him for collection. Witness our hands and seals the 7th day of March, 1827." Which was approved by the supervisor of the town on the same day, and filed by him in the town clerk's office on the 27th July, 1827. The plaintiff also shewed a judgment in his favor against one Willy, an execution issued thereon delivered to the constable, and the neglect of the constable to execute the same. The common pleas nonsuited the plaintiff, on which judgment was entered.

*Constable's bond, form of approved. The omission to file it within 10 days after election, does not affect its validity.*

*J. Parkhurst,* for plaintiff in error.

*J. Wallace,* for defendant.

*By the Court,* SAVAGE, Ch. J. It was objected before the common pleas, as I learn from the briefs, (for the bill of exceptions does not contain any point decided by the court, except that the plaintiff be nonsuited,) that the instrument was not in due form, and the case of *Warren* v. *Racey,* (20 *Johns. R.* 74,) was relied on. The bond in that case was payable to the people of Niagara county, which was clearly wrong ; and the court say, that it should be in the name of the people of the state of New-York. This was said *obiter,* and, undoubtedly, without much examination, for the statute de-

scribes just such an instrument as was executed in this case ; upon which any person aggrieved may maintain a suit. A bond *to the people* has been held to be good also, (*ante*, 281,) because the statute gives no particular form, and such a bond is sufficient if the condition complies substantially with the statute.

Another objection taken was, that the security was not filed in due time. This comes with an ill grace from the defendants. It was the constable's duty to file it within ten days after the election ; the statute is directory merely, and if not complied with, it by no means follows that the defendants are exonerated. The plaintiff was entitled to recover.

The court erred, and judgment must be reversed; and a venire de novo is awarded to Franklin common pleas.

---

## GENERAL RULES.

1st. Ordered, That in future the court will not hear non-enumerated motions, except in cases of proving wills, levying fines, motions in real actions, motions in criminal cases, calling persons bound by recognizance, and proceedings against persons brought in on attachment; and these motions will be heard on the regular non-enumerated days.

2d. All other special motions shall be submitted with or without briefs, as counsel may elect.

3d. All notices of motions shall be for the first day of term, unless sufficient cause be shewn for giving notices for a later day, and such cause shall be contained in the affidavit served.

4th. All motions noticed for the first day of term shall be submitted during the first week in term.

5th. The rules of October term, 1827, so far as they conflict with the above rules, are repealed.

6th. In all cases, when a motion shall be granted on payment of costs, the party whose duty it shall be to pay them, shall have twenty days for that purpose, unless otherwise directed in such rule.