SKELLINGER *vs.* YENDES and others.

An *instrument in writing*, signed by a *constable* and his sureties, engaging that he shall collect and pay over all executions that are collectable, and that all signers will be accountable to all persons in whose favor any execution may come for the damages in the same, if not paid over to them according to the statute, &c. is a *valid instrument* within the statute ; and an action may be maintained on it by a *creditor* who has caused an *execution* to be put into the hands of the constable for collection, which has never been *returned.*

Neither the constable or his sureties can object that the instrument is not *under seal ;* nor that it is not *in the form* prescribed by the statute ; nor that the sureties had *not been approved* by the clerk or supervisor of the town for which the constable was elected.

ERROR from the Jefferson common pleas. Skellinger commenced a suit in a justice's court against Yendes as a *constable,* and the others as his *sureties,* for not returning an execution put into his hands for collection. The plaintiff obtained judgment, and the defendants appealed to the Jefferson common pleas. On the trial in that court, the plaintiff produced an instrument in writing, *signed* by the defendants, but not *sealed,* in these words : " Whereas, John D. Yendes has been appointed a constable in and for the town of Rodman, county of Jefferson, for the year 1828, and till the first Tuesday in March, 1829, now we, the subscribers, engage that all papers that shall come into his hands as a constable, shall be well and faithfully executed by him, and that he shall collect and pay over all executions that are collectable, and that we will be accountable to all persons in whose favor any execution may come for the damages in the same, if not paid over to him or them, according to the statute in such case made and provided ; and also, we are accountable for all attachments and summonses, &c. appertaining to the said office of constable. Dated at Rodman, the 5th day of March, 1828." On the back of the instrument was an endorsement signed by the town clerk of Rodman, in these word : " This bond, executed March 5, 1828," but *no approval of the sureties* was endorsed. The plaintiff proved that on the 15th January, 1828, he

· obtained a judgment before a justice of the peace against one T. Basset, for $19,11, and that on the 19th February following, an execution was issued upon such judgment, and delivered to John B Yendes, an acting constable of the town of Rodman, and that the execution had never been *returned.* The plaintiff having rested, the defendants objected that the instrument produced in evidence was not a *valid instrument* within the statute, and prayed that the plaintiff might for that cause be nonsuited. The court nonsuited the plaintiff, who sued out a writ of error.

UTICA, July 1834, Skellinger v. Yenders.

*T. C. Chittenden,* for plaintiff in error.

*J. Clarke,* for defendant in error.

*By the Court,* SAVAGE, Ch. J. The plaintiff was nonsuited on the ground that the instrument produced on the trial was not a *valid instrument* within the statute. Whether that decision was correct, is the question.

By adverting to the cases reported upon the subject of the liability of constables and their sureties upon instruments purporting to be taken under the act of 1813, 2 R. L. 126, it will be seen that the court has been, as it was its duty to be, liberal in its construction, in order to promote the beneficial objects of the legislature. The statute does not give the form, but only the substance of the security. It has been held that it may be in the form of a *bond to the people,* with a proper condition ; or *a simple undertaking* to pay each person such sum of money as the constable shall become 'liable to pay, on account of any execution put into his hands for collection. It has also been decided, that where a bond to the people is taken, the action of *debt* may be brought in the name of the people, for the benefit of any person entitled to an action ; or it may be in *covenant* upon the condition, in the name of such person. The statute declares that the bond shall be filed within ten days after the election, and before the constable enters upon the duties of his office ; yet the bond has been held good, though not filed within the ten days ; and it cannot be doubted that the constable himself would be responsible for any act done

by him, before filing the bond.   The statute being directory to the officer himself, he cannot take advantage of his own omissions.    Nor is there any reason why the sureties should not be liable, notwithstanding the want of a compliance with the statute provisions ; in this case it seems that the *town clerk neglected to endorse his approval* of the sureties.    That provision was intended for the benefit of those who should put executions into the hands of the constable, and has no connection with the liability of the sureties.    Their signature was all that was necessary to make them liable.    If the bond was not approved and filed, the omission might be considered a refusal to serve, and the vacancy might be filled ; but there is nothing in the language or the policy of the statute which renders void any such instrument executed for the security of the execution creditors.

It is also objected, that the instrument executed by the defendants was *not sealed,* nor *in the form* contained in the statute.    To this objection I give the same answer as above ; it is sufficient that the substance is there.    The substance of the instrument required by the statute is, that the constable and his sureties shall be responsible for all such sums as the constable shall become liable to pay by reason of any execution delivered to him for collection.    The instrument executed in this case contains unnecessary recitals ; they do no harm, and are mere surplusage.    It also contains an agreement that all papers put into the constable's hands, attachments and summonses, shall be faithfully executed ; that does no harm.    But it also contains an agreement that he shall collect and pay over all executions that are collectable, and will account to all persons in whose favor any execution may come for the damages in the same, if not paid over to them according to the statute.    This is equivalent to saying that they will pay such sums as the constable shall become liable to pay on account of any execution delivered to him for collection.

According to these views, the plaintiff was entitled to recover.    The instrument is a valid agreement by the persons who executed it, in so far at least as execution creditors are

concerned. That was the only question decided by the common pleas, and therefore the only one discussed here.

Judgment reversed with costs; *venire de novo* from the Jefferson common pleas.