Mr. Chief Justice Sharkey
delivered the opinion of the court.
This was a motion made in the circuit court against McCrosky as sheriff, and the other plaintiffs in error, on his official bond. The only point for determination arises out of a demurrer to a plea in bar of the motion, the substance of which is, that McCrosky had been elected sheriff at a general election, and had given bond as the law required; that his sureties became dissatisfied, and applied to the probate court to require him to give new bond with other sureties, which he was ordered to do, and gave the bond on which the motion was founded. The sureties now contend that they are not liable on this bond, because the probate court had not jurisdiction to make any such order, and that consequently the original bond given by McCrosky is still binding, and is the bond on which the motion should have been founded.
This new bond was given in pursuance of a statutory provision, which authorized the former county courts, and also the circuit courts, on the application of the sureties in an official bond, to order the sheriff to give new sureties, and the original sureties were thereby discharged from further responsibility. H. & H. Dig. 325, § 15.
By the act of 1833, the jurisdiction of the county court, which was abolished by the constitution, was transferred to the board of police, except such jurisdiction as was vested by the constitution and laws in the probate court. It is contended that this power of requiring officers to give new sureties, was transferred, with other things, to the board of police, and not to the probate court; and that, therefore, this bond, given in pursuance of such order of the probate court, is not such a statutory bond as can be made the foundation of a motion; that if a party injured can have any remedy upon it, it must be by action as on a common law bond.
This jurisdiction is not specifically transferred to either court, *113 and if it be possessed by either, it must be in virtue of the general grant. By the former law, the bond of the sheriff was to be approved by the presiding justice of the county court. Revised Code, 248, 249. By the present law, it is to be approved by the judge of probate. That part of the law which provides for requiring new sureties of the sheriff, in case those first given become insolvent or remove, conferred the power on the presiding justice of the county court, not as a part of his jurisdiction as a court; there is no law which has specifically transferred that power ; it was not a part of the jurisdiction of the county court, and it may, therefore, be a matter of some doubt how it is now to be enforced. In reference to this duty of approving the sheriff’s bond, the whole seems to have been transferred, or so intended to be, to the judge of probate. It must therefore be very questionable, whether he does not possess all the power on that subject which was formerly possessed by the presiding justice of the county court, the power to require new sureties in case of insolvency, as well as on the application of the first sureties. But aside from that question, suppose he had no power to compel the sheriff to appear before him in the mode followed in this instance, does it follow that the bond taken is not such a statutory bond as will sustain a motion ? No objection is made to it in form; it is merely the manner of taking it that is objected to.
The law under consideration gives the sureties a right to require their principal to give new surety and discharge them ; and it gives them a remedy to enforce that right. They may undoubtedly apply to the circuit court, and formerly they might apply to the county court; two tribunals were thus clothed with power to hear and determine the matter. This was a remedy at law, but suppose the sheriff should not put his sureties to their legal remedy, but should voluntarily give bond and have it approved by the judge of probate, would it not be equally obligatory? The act certainly fieri ves no force from his being compelled to perform it. The judge of probate is competent to approve the bond, and if it was given in obedience to a void judgment, it may be regarded as voluntary. In the case of The *114 United States v. Tingey, a bond had been given which did not exactly conform to the statute; it was pleaded that the bond was extorted from the party, and on that account held void; but the court said it would be very different if such a bond was, by mistake or otherwise, substituted for the statute bond ; and the court also recognized the principle, that a bond voluntarily given would be binding. 5 Peters, 115. Although it is alleged in the plea, that this bond was given in obedience to the order of the probate court, yet no objection seems to have been taken to its jurisdiction — it was voluntarily submitted to, and the order acquiesced in, and it is such a bond as the sheriff was bound to give on being cited for that purpose. It is not denied but what it conforms to the statute, and is obligatory. If so, it must be sufficient to sustain a motion. It differs from the case in 3 Call; the bond in that case was not in a proper penalty, nor was it payable to the proper persons, and the bonds in the other cases cited, did not conform to the statute. This bond does, and is binding as a sheriff’s bond. It is such a bond, as the sheriff was bound, under the circumstances to give ; and the most that can be said of it is, that it was given by mistake as to the power of the probate court, and under a supposition that it could be ordered to be given by that court, when in truth the power was in the circuit court. As the bond conforms to the statute, and was given under circumstances that made it necessary that it should be given, and regularly approved by the proper officer, it must be such a bond as to justify the motion; so the judgment must be affirmed.
Mr. Justice Clayton having been counsel in the original case, gave no opinion.