## VILLAGE OF WARREN *vs.* PHILIPS and others.

A bond, executed by the collector of an incorporated village, and his sureties, to the village, by its corporate name, after naming the obligors, and describing them as inhabitants of the village, declared that they were "held and firmly bound in the penal sum of eight hundred dollars, to be paid to the trustees or their successors in office." In the recital, preceding the condition, it was stated that P., one of the obligors, had been chosen collector of said village; and the bond was conditioned for the faithful performance of his duties as such collector. *Held* that the bond, although not *in terms* executed to the village by its corporate name, was a substantial compliance with the provisions of the statute, so far as related to the obligees therein, and was valid and obligatory upon the parties thereto.

As soon as a bond, executed by a village collector and his sureties, is accepted by the trustees of the village, it becomes a valid and obligatory instrument;

although the approval of such bond is manifested only by a resolution, passed by the trustees.

The provision in the statute, for the indorsement of a certificate upon the bond, by the trustees, showing their approval of the sureties, is merely directory; and the omission of such certificate will not affect the instrument itself, or its validity.

An objection that the complaint is not sufficiently certain, in its allegations, cannot be taken by demurrer. The defendant's remedy is by motion to make the complaint more definite and certain in the particular specified.

Although no express authority be given to a village corporation, by its act of incorporation, for the prosecution of suits for debts and other demands, it may, under the general powers conferred upon all corporations, sue upon a bond given to the corporation by the village collector; and this, without waiting until a warrant has been issued by the county treasurer, pursuant to the statute, (1 *R. S.* 400, § 13,) for the collection of the unpaid tax out of the collector's individual property, and has been returned unsatisfied.

That provision relates only to warrants issued to collectors of taxes, by the board of supervisors; and does not apply to collectors of city or village taxes, except in special cases where it is made applicable.

APPEAL from a judgment rendered at a special term, overruling a demurrer to the complaint. The complaint alleged that the plaintiffs were a corporation under the general statutes of the state of New York, for the incorporation of villages, passed in the year 1847; that at an election for officers of said village of Warren, held in said village, in March, 1857, the defendant John Philips was duly elected collector for said village; and afterwards, for the purpose of renewing his warrant for the collection of taxes of said village, the said Philips, and the defendants, Samson Marks, jun. and James Creney, executed and delivered to the said village a bond, of which the following is a copy:

" Know all men by these presents, that we, John Philips, Samson Marks, jun. and James Creney, of the village of Warren, in the town of Haverstraw, in the county of Rockland, state of New York, are held and firmly bound in the penal sum of eight hundred dollars, to be paid to the trustees or their successors in office; to which payment well and truly to be made, we bind ourselves, our and each of our heirs, executors and administrators, jointly and severally, firmly by these pres-

ents.   Sealed with our seals, and dated the 4th day of February, A. D. 1858.   Whereas the above bounden John Philips has been chosen collector of said village of Warren, now therefore the condition of this obligation is such, that if the said John Philips shall well and faithfully execute his duties as such collector, the above obligation to be void, else to remain in full force and virtue."

The plaintiff further showed that said bond was approved by the trustees of Warren village, at a subsequent meeting of said trustees, by resolution entered in the minutes of the trustees, and a tax list, with a warrant thereto annexed, was thereupon issued to said Philips for the collection of the taxes of said village, which warrant expired on or about the 15th day of March, 1858 ; that Philips had failed to execute his duties as such collector, in that he had collected a large amount of money prior to the expiration of his said warrant, and that he had neglected and refused to pay over to the treasurer of said village the sum of $286.76 of the moneys so collected by him, although often requested so to do ; and that the defendants Samson Marks, jun. and James Creney had had notice of such default, and also refused to pay said amount or any part thereof.   Wherefore the plaintiffs demanded judgment against the defendants for the sum of $286,76, together with interest thereon from the 15th day of March, 1858.

To this complaint the defendants demurred, on the ground that it appeared upon the face of said complaint that the same did not state facts sufficient to constitute a cause of action. The justice before whom the demurrer was argued, at special term, was of the opinion that the omission of the name of the obligees in the bond was not fatal to its validity, but might be cured by the condition and by parol evidence, if necessary to show who were intended by the trustees and their successors.   That the omission of the approval of the sureties did not affect the validity of the bond ; that provision being merely directory.   That it did not appear from the complaint that the tax list delivered to the collector was for a new tax.

Village of Warren *v.* Philips.

It might have been for the old tax uncollected. If there had been no moneys collected for which that bond was given as security, such matters must be proved on the trial. He also held that the objection that no judgment could be recovered on the bond until after proceedings had been taken by warrant against the collector, could not be taken on demurrer. It need not be averred in the complaint. That that provision seemed to be directory to the supervisor to compel him to put the bond in suit, but did not prohibit the action on the bond, previously. Judgment was accordingly given for the plaintiff, on the demurrer, with leave to the defendants to answer, on payment of costs.

*Hoffman & Hopper,* for the appellants.

*Edw. Pye,* for the respondents.

*By the Court,* LOTT, P. J. The complaint in this action, after alleging that the plaintiffs are a corporation under the general act for the incorporation of villages, and that the defendant Philips was, in 1857, duly elected collector of the village, avers that he with the two other defendants as his sureties, for the purpose of renewing his warrant for the collection of taxes therein, executed and delivered to the said village a bond, of which a copy is set forth; that the said bond was approved by the trustees of the village at a subsequent meeting of the trustees, by a resolution entered in their minutes; that a tax list, with a warrant thereto attached, was thereupon issued to said Philips for the collection of the taxes of said village; that the warrant had expired, and that he had failed to execute his duty as such collector, by his neglect and refusal to pay over to the treasurer of the village the sum of $286.76, collected by him prior to the expiration of said warrant, and that his sureties have been notified of his default. Upon these facts judgment is demanded for the said sum, with interest from the expiration of the warrant. A demurrer to this complaint was interposed, on the ground that the same

does not contain facts sufficient to constitute a cause of action. The principal question presented for our decision arises on the form of the bond and its approval.

The act for the incorporation of villages (*Laws of* 1847, *ch.* 426, § 61) provides and requires that the collector of every village incorporated under it, before receiving any warrant for the collection of taxes, " shall execute to such village by its corporate name, and deliver to the trustees thereof, a bond with sufficient sureties, to be approved by them by a certificate of approval signed by them and indorsed thereon, conditioned for the faithful performance of his official duties ; and if he shall neglect to execute and deliver to the trustees such bond, within three days after being notified by the president to do so, his office shall be vacant."

The bond in question is not *in terms* executed to the village by its corporate name. It, after naming the obligors, and describing them as inhabitants of the village of Warren, declares that they " are held and firmly bound in the penal sum of eight hundred dollars, to be paid to the trustees or their successors in office." It however, in the recital preceding the condition, states that Philips, one of the obligors, " has been chosen collector of said village of Warren," and then is conditioned for the faithful performance of his duties as such collector.

The instrument is very inartificially drawn, and discloses a want of proper attention on the part of the trustees to a material and responsible part of their duties. We are of opinion, however, that it is a substantial compliance with the provisions of law above set forth. It is a rule of construction, that the whole contract is to be considered, in determining the meaning of any or all of its parts. The condition of a bond may therefore be referred to for the purpose of explaining the obligatory part, and the recital in an instrument affords much light and aid in the interpretation of other parts thereof. (2 *Preston on Contracts*, 14, &c.)

By reference to the condition and recital of the instrument

in question, there can be no doubt that it was intended by the parties to be a bond to the village. They show the inducement and reason for its execution to have been the fact that Philips was chosen the collector of the village of Warren, and that the object was to secure the faithful performance of his duties.

When, then, the obligors bind themselves in the penal sum of $800, to be paid to *the trustees or their successors in office,* it is evident that the trustees of the village named were intended, and it operates as a bond to them, from the declaration that the sum, for the payment of which they are so bound, is to be paid to them.

It is true, nevertheless, that if the bond be as construed, it is not executed to " *the village by its corporate name.*" The trustees, however, were by the law to receive it. They represent the corporation, and it acts by and through them. They in their official capacity may indeed be said to be the corporation. The obligation was not intended to be to them as individuals. It is to " the trustees or their successors in office," which is a clear indication that it was understood to be to them in their corporate character and capacity. It is not necessary, when a bond is required by law to be given by a public officer, that it shall conform in all respects to the form thereof prescribed by statute ; but it is " sufficient if it conform thereto substantially, and do not vary in any matter to the prejudice of the rights of the party to whom or for whose benefit such bond shall have been given." This is expressly declared by statute. (2 *R. S.* 556, § 33.)

Several adjudications have been made in relation to bonds of constables, showing what has been considered a substantial compliance with the law, in relation to the security required to be given by them, to which it may be useful to refer, for the purpose of determining whether the bond in question conforms substantially to the statute. It was required by 2 *Rev. Laws,* (*p.* 126,) that every constable, before entering on his duties, should execute an instrument in writing under his hand and

seal, before the supervisor or town clerk, and to be approved by such officer, by which he and his sureties should jointly and severally agree to pay to each and every person such sum of money as he should become liable to pay on account of any execution that should be delivered to him for collection; and it was also provided that such approval should be indorsed on the instrument. .In giving a construction to these provisions, it was held in *The People* v. *Holmes*, (2 *Wend.* 281, *and* 5 *id.* 191,) that a bond to " the people of the state of New York, in a penalty conditioned that the constable should pay to each and every person such sums of money as he should become liable for on account of any execution which should be delivered to him for collection," was a sufficient compliance therewith; while in *Dutton* v. *Kelsey*, (2 *Wend.* 615,) a simple agreement, without any penalty, to pay to any person who might be aggrieved by the constable's neglect of duty in paying over such money, was approved and sustained.

Subsequently, the case of *Skellinger* v. *Yendes* (12 *Wend.* 306) came up for consideration. The action was brought on an instrument bearing date 5th March, 1828, signed but not sealed by a constable and his sureties, which, after reciting the appointment of the constable, was in the following terms: " We the subscribers engage that all papers that shall come into his hands as a constable shall be well and faithfully executed by him, and that he shall collect and pay over all executions that are collectable, and that we will be accountable to all persons in whose favor any execution may come, for the damages in the same, if not paid over to him or them according to the statute in such case made and provided ; and also we are accountable for all attachments and summonses, &c. appertaining to the said office of constable." The plaintiff was nonsuited, on the trial in the court below, upon the ground that the instrument was not a *valid instrument*, within the statute. This judgment was reversed, and Judge Savage, in his opinion, says, in answer to the objection that the instrument was not in the form contained in the statute: " It is

Village of Warren *v.* Philips.

sufficient that the substance is there;" and, after commenting on the several provisions, he concludes by saying, "the instrument is a valid agreement by the persons who executed it, in so far at least as execution creditors are concerned."

These cases fully justify the conclusion that the bond under consideration conforms substantially to the requirements of the statute so far as relates to the obligees therein; and as it is not denied but that it is, as to the form thereof, in all other respects sufficient, it must be held to be valid and obligatory on the parties, unless another objection taken thereto, now to be considered, is available.

The act provides for the delivery to the trustees of a "bond with sufficient sureties, to be approved by them by a certificate of approval signed by them and indorsed thereon." The only allegation in the complaint, in relation to the approval of the bond, is, that it was approved by the trustees at a meeting held by them subsequent to its delivery, by resolution entered in the minutes of said trustees; but it does not appear that they ever signed and indorsed any certificate of such approval on the bond. A similar certificate was directed to be indorsed on the bond required to be given by a constable, to which reference has been made; and it appears that the town clerk neglected to indorse his approval of the sureties, in the case of *Skellinger* v. *Yendes*, (*supra*.) It was there insisted that the omission invalidated the instrument; but the court say: "That provision was intended for the benefit of those who should put executions into the hands of the constable, and has no connection with the liability of the sureties. Their signature was all that was necessary to make them liable;" and adds, that "there is nothing in the language or the policy of the statute which makes void any such instrument executed for the security of execution creditors." So in this case, the bond was intended to secure the village against loss on account of the default of the collector, and to prevent him from proceeding to collect any tax until satisfactory security was given for the faithful performance of his duty; and to that end the

trustees were, by section 57, subd. 13, authorized to fix the penalty, and decide upon the sufficiency of the sureties in such bond.   As soon as a bond with sureties was accepted, it became a valid and obligatory instrument.   The indorsement of a certificate showing the approval of the sureties was directory only to the trustees.   It might afford evidence of the fact of approval, but its omission did not affect the instrument itself, or its validity.

Our conclusion therefore is, that the bond described in the complaint is sufficient, and obligatory on the parties.

It is insisted, however, that the allegations in the complaint are not sufficiently certain to show that the warrant referred to was for the collection of taxes returned as unpaid on a warrant previously issued ; nor that the money alleged to have been collected and retained by him was part of the taxes specified in the list and warrant for which this bond was given ; and if they are, yet that the plaintiffs have no authority to maintain an action for the collection of the moneys so collected, at least until the remedies given against a town collector for the non-payment of taxes for which they are liable or accountable have been exhausted.

The objection relating to the insufficiency of the allegations is not well founded in fact ; but assuming it to be otherwise, it is not available on demurrer.   The defendant's remedy was by motion, to make the complaint more definite and certain in that respect.

The other objection is equally untenable.   Although no express authority is given, in the act under which the plaintiffs are incorporated, for the prosecution of suits for debts and other demands, yet there is no doubt of such authority under the general powers conferred on all corporations.   The sections in that act, referred to by the appellants' counsel, relate to actions in particular cases only, and do not in any manner affect any other.

There is no ground for the position that no suit can be maintained on the bond until a warrant has been issued by

the county treasurer, pursuant to the provision of 1 *R. S.* 400, § 13, for the collection of the unpaid tax out of the collector's individual property, and has been returned unsatisfied. That provision relates only to warrants issued to collectors of taxes by the board of supervisors, and does not apply to collectors of city or village taxes, except in special cases where it is made applicable.

The judge at special term therefore decided correctly in overruling the demurrer ; and the judgment rendered must be affirmed, with costs.

[KINGS GENERAL TERM, February 13, 1860. *Lott, Emott* and *Brown,* Justices.]