THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANIEL D. COMSTOCK, Respondents, v. JOHN LUCAS, RICHARD HAWKSHAW and FREDERICK SCHLEICHER, Appellants.

*Bond of a constable — what acts constitute a breach of it — 2 R. S., 346, sec. 21 — 1872, chap. 788.*

A bond given by a constable in the form required by section 21 of 2 Revised Statutes, 346, before it was amended by chapter 788 of 1872, and conditioned for the payment of all such sums of money as the constable might become liable to pay on account of any execution which should be delivered to him for collection, covers a wrongful levy made by him under an execution against the property of a person other than the judgment debtor, and the sureties upon the bond are liable for the damages thereby occasioned.

Appeal from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought against the defendant Lucas, a constable, and the sureties on his official bond.

*Richard Busteed & Son,* for the appellants.

*O. N. Payne,* for the respondents.

Gilbert, J.:

This is an action on a constable's official bond.

In September, 1877, the defendant John Lucas, a constable of the town of Oyster Bay, Queens county, by virtue of executions wrongfully levied upon and sold the property of one Battershall, and applied the proceeds on said execution. Battershall thereupon brought an action for the conversion of his said property in the County Court of Queens county, against the said constable, and on the 12th day of March, 1878, recovered judgment therein against him for the sum of $262.41. The judgment was duly assigned by said Battershall to Oliver N. and Edward T. Payne and by them to the relator.

Lucas proved to be insolvent, and the relator obtained leave of the Supreme Court to bring an action upon his official bond against Lucas, as principal, and the defendants Hawkshaw and Schleicher as sureties.

The bond was duly approved by the town clerk and filed in his office on the 21st day of April, 1877. The defendants, as obligors, thereby jointly and severally agreed to pay to each and every person who might be entitled thereto all such sums of money as the said constable might become liable to pay on account of any execution which should be delivered to him for collection.

The bond is in the form required by the Revised Statutes, but an additional obligation which was required to be inserted in the bond by an amendatory act passed in 1872 was not inserted therein. (2 R. S., 346, § 21; Laws 1872, chap. 788.) The section amended by the latter statute is designated as number forty-three. The section is so numbered in the fifth edition of the Revised Statutes, but the proper number is twenty-one. This mistake, however, does not obscure the legislative intent, and the same effect must be given to the amendment as if the section had been accurately designated. Nor does the omission of Lucas to comply with the amendatory act invalidate the bond in suit. (*Skellinger* v. *Yendes,* 12 Wend., 306; *Dutton* v. *Kelsey,* 2 id., 615.)

The only question is, whether the plaintiffs' demand is covered by the bond. The obligation certainly does not embrace all liabilities which the constable may have incurred in the discharge of his official duty. It is restricted to liabilities incurred "on account of any execution delivered to him for collection." Any abuse of that process, whether neglect to levy or sell or to return the process, or to pay over money collected, would render the constable and his sureties liable to the plaintiffs in the execution. So a like abuse, such as making an excessive levy or levying upon exempt property, would render them liable to the defendant in the execution. The latter liability would be one incurred on account of an execution quite as directly as one for not paying over to the plaintiffs money collected thereon. So the levying on the property of a person other than the judgment debtor is an abuse of the process, and the liability of the constable therefor is not merely one for the commission of a private trespass, but arises out of an act done *colore officii,* in supposed obedience to the mandate of the execution. That such liability is one to pay money has been settled by the judgment against the constable, and we think it was incurred on account of the execution. A contrary construction of the statute would have the

effect to relieve constables from the restraint against making illegal seizures of property which their duty of protecting their sureties affords, and would facilitate greedy and unscrupulous creditors in instigating the perpetration of such wrongs.

We think the amendment of the Revised Statutes in 1872, before cited, affords no grounds for an inference that the bond given pursuant to the Revised Statutes should be limited to a liability for the non-payment of money collected. ,

That amendment is broad and comprehensive. It embraces all acts done by a constable whereby damages have been inflicted. That would include the omission or refusal to pay over money collected on an execution, as well as the violation of duty of which the plaintiff complains. Any inference drawn from the amendatory act which would exclude the latter liability from the bond provided for by the Revised Statutes would equally exclude the former.

We are of opinion that the defendants are liable, and that the judgment should be affirmed, with costs.

DYKMAN, J., concurred ; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.