# THE TOWN OF ASHKUM
### v.
## ANDREW J. LAKE ET AL.

1. APPROVAL OF OFFICIAL BOND—CAN NOT SHOW CONDITIONAL DELIVERY.—A town clerk objected to the official bond offered by the supervisor of the town, but upon the promise to get further security, took the bond and placed it among the town papers, as such, and permitted the supervisor to file his oath of office and discharge his official duties. The promise was never fulfilled and the supervisor absconded. Action was brought upon the official bond and the plea of *non est factum* was made. *Held*, that the bond was good and that the clerk could not be heard to declare that the bond was not accepted. If he did not approve and accept the bond, it was his duty to reject it entirely and not receive it into his hands.

2. LIABILITY OF SURETIES.—The statute requiring a town clerk to approve a bond was made for the security of the public and not for the benefit of the bondsmen and the sureties can not object that the bond was not approved in the manner provided by law. Where sureties sign a bond unconditionally, without any understanding that other securities shall be procured, they can not complain that afterward, by an agreement of the supervisor with the town clerk, there was to be other security and that none was procured.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANKLIN BLADES, Judge, presiding. Opinion filed December 28, 1882.

Messrs. KAY & EUANS, for appellant; cited R. S. Ill. 1880, Chap. 139, Art. 11, § 1.

Hearsay evidence is inadmissible: Morrell v. Dixfield, 30 Me. 157; Corinna v. Exeter, 13 Me. 321.

Obligors on official bonds are liable as upon statutory undertakings, and technical objections are disregarded: State v. Fredericks, 8 Ia. 553; McCroskey v. Riggs, 17 Miss. 107; Dutton v. Kelsey, 2 Wend. 615; Skellinger v. Yendes, 12 Wend. 306; McClain v. Buchanan, 8 Jones (N. C.) L. 444; Reid v. Humphrey, Jones (N. C.) L. 258; Shipman v. McMinn, 1 Wins. (N. C.) 122; Mussulman v. Commonwealth, 7 Pa. 240; Monteith v. Commonwealth, 15 Va. 172; State v. Toomer, 7 Rich. (S. C.) 216;. State v. McAlpin, 4 Ired. (N. C.) L. 140; State v. Perkins, 10 Ired. 333.

Delivery of a bond to payee or his agent is absolute, and can not be controlled by parol: Madison Co. v. Stevens, 10 Ind. 1.

A bond can not be delivered to obligee, or to one of several obligees, as an escrow: Moss v. Riddle, 5 Cranch, 351; State v. Chrisman, 2 Ind. 126; Blume v. Bowman, 2 Ired. (N. C.) L. 338; Muller v. Fletcher, 27 Gratt. 403.

The defect in the approval of a sheriff's bond, can not avail the sureties: People v. Edwards, 9 Cal. 286; Mendocino Co. v. Morris, 32 Cal. 145; Green v. Wardwell, 17 Ill. 278.

As to approval of a bond: McLean v. State, 8 Heisk. 22; Bartlett v. Board of Education, 59 Ill. 364; Waldo v. Averett, 1 Scam. 487.

The possession of a bond by obligee is *prima facie* evidence of its delivery: Comstock v. Gage, 91 Ill. 328.

A bond, found among the files of the office of a town clerk, will be presumed to have been lodged there as an official bond: Shattuck v. People, 4 Scam. 477; McElhanon v. Washington County, 54 Ill. 163.

Messrs. DOYLE & MORRIS, for appellees; as to what constitutes a delivery of a bond, cited Dair, U. S. 16 Wall. 1; Pawling v. U. S. 4 Cranch, 209.

The language used by counsel for appellees, "and now come defendants, etc.," does not constitute the entry of appearance of Lake, he not being found or served with process: Kerr v. Swallow, 33 Ill. 379; Klemm v. Devres, 28 Ill. 317; Kenyon v. Shreck, 52 Ill. 382; Jones v. Byrd, 74 Ill. 115; Inman v. Allport, 65 Ill. 540.

Exceptions must be taken and filed in court below, to be assigned for error here: German Fire Ins. Co. v. Gerber, 4 Bradwell, 222; Irwin v. Butts, 65 Ill. 347; Seible v. Vaughan, 69 Ill. 257.

LACEY, J.   This was an action of debt on the official bond of Andrew J. Lake, a supervisor of the appellant, the Town of Ashkum. The verdict was for the defendants, appellees Reynolds and Blazey, Lake not having been served with

The Town of Ashkum v. Lake et al.

summons and not appearing.    Lake was twice elected. and served for the year 1877.

He was again re-elected in the spring of 1878, and signed the bond in suit with the appellees as his sureties, who signed the bond with him.    Lake acted in the capacity of supervisor until some time in the summer of 1878, when he absconded. After the signing and leaving the new bond with the town clerk, Reed, there was in, and came to his hands as supervisor the sum of $381.44, which is sought to be recovered in this action.    The appellants interposed the plea of *non est factum*.

Upon the trial it was sought to be shown that Reed, the town clerk, never approved or accepted the bond in suit as the official bond of Lake, and that, therefore, the bond was void.    The bond was not marked approved by the clerk, and it was not contended that such action was necessary in order to make the bond binding.    But it is contended that the clerk did not, in fact, approve the bond or accept it as the official bond of Lake, and this is the main and only question in the case.    Chap. 39, Art. XI, Sec. 1, requires that the supervisor, before entering upon the duties of his office, shall give bond to the town with one or more sureties, in double the amount of money which may come into his hands conditioned for the faithful discharge of his duties as such supervisor, etc., such bond to be approved by the town clerk and filed in his office, with such approval indorsed thereon.    Whenever such town clerk shall ascertain that such bond has been forfeited, he shall institute suit against such supervisor, etc.

The bond in question was in legal form and in the penal sum of $1,000, and signed by Lake and the appellees as his sureties.

The facts in the case are, in substance, that the bond in question was turned over by Reed, who was the town clerk at the time the bond was given, in the spring of 1878, to his successor in office M. R. Munts, in the spring of 1879 as the official bond of Lake, and Munts had had it up to the date of trial.    There appears to be no dispute but that money came to the hands of Lake as supervisor after the date of the bond,

or that he continued to act as supervisor under his new election, and to discharge the duties of his office with the knowledge of the town clerk, Reed, as well as the sureties, until the time he absconded.

To defeat the recovery on the bond the appellees introduced Reed to show that he never, in fact, approved or accepted the bond as the official bond of Lake while acting in the capacity of town clerk. The substance of his testimony is that on April 27 or 28, 1878, Lake presented him the bond signed as it was, for his approval, and that he told Lake at the time the bond was insufficient and that he would not accept the bond, and Lake said he would get further security; after that he had several conversations with Lake about getting further security, but Lake never got any other security. Just before Lake went away, the clerk went with him to see Reynolds in regard to further security, but none was got. On cross-examination Reed testified that he took the bond when it was handed him and kept it, could not say just where, in his desk, and presumes he kept this bond along with the other town papers, which were kept all together, and kept the papers all the time for two years, while he was town clerk. Lake told him all the time that he would get more persons to come in and sign the bond. I told him that would do.

That would be satisfactory to me if he did so. In answer to questions by the court he said he kept the bond because Lake promised to get more security; he wanted me to retain the bond, also stated that he never did accept the bond.

It will be seen that the appellees signed this bond as the sureties' of Lake unconditionally, without any understanding that other securities would be procured, intending that the bond should be accepted as their bond if the town clerk would accept it, they have no complaints to make that there was to be other security, and that none was procured.

The statute requiring the town clerk to approve the bond was made for the greater security of the public, and for their benefit and not for the benefit of the bondsmen. Lake and his sureties can not be heard to object that the bond was not approved in the manner pointed out by law. The substance

of the transaction is that Lake filed the bond with Reed as his official bond, and Reed took it and placed it on file among the town papers as such, with the promise that other names should be procured to it, which was never done. Lake in the meantime filed his oath of office with Reed and went on discharging the duties of his office, receiving into his hands the money of the town, with Reed's knowledge, and while Reed suggested to him to get other securities, he did nothing more.

The bond was turned over to Reed's successor in office as the official bond of Lake. The question as to whether the bond was accepted, is one of law as well as fact, and we think it is not competent for Reed to state now after all his official acts, that he did not accept the bond, in other words, that while he took the bond and placed it on file among the town papers, and allowed Lake to fill the office without objection or protest, he had a mental reservation of disapproval of the bond and did not intend to accept it.

To allow the bond to be thus defeated would be a fraud upon the rights of the public: State v. Frederick, 8 Iowa, 553. For authorities holding doctrines analogous in principle, we cite Green v. Wardell, 17 Ill. 278; Comstock v. Gage, 91 Ill. 328; Waldo v. Averett, 1 Scam. 487; Babbett v. Board of Education, 59 Ill. 364; McCraskey v. Riggs, 17 Miss. 107; Jones v. State, 7 Mo. 81; Dutton v. Kelsey, 2 Wend. 615; Skelinger v. Yends, 12 Wend. 306; Musselman v. Commonwealth, 7 Pa. St. 240.

If the town clerk did not approve of the bond and accept it, it was his duty to reject it entirely and not receive it at all into his hands, but having received it he gave Lake the color of authority to perform the duties of the office and the bond should be held good for any default. "The liability of the sureties on the official bond of the county treasurer is not affected by the fact that it was approved by the county judge who had no authority to give such approval": Mendocino Co. v. Morris, 32 Cal. 145. Many authorities are to the effect that the delivery of a bond to the payee or his agent, is absolute and its effect can not be controlled by parol. It can not

be shown that it was a conditional delivery: Madison Co. v. Stevens, 10 Ind. 1; Moss v. Riddle, 5 Cranch. 351; State v. Crisman, 2 Ind. 126; Blume v. Bowman, 2 Ind. (N. C. L.) 338.

The bond could not be delivered to the appellant except through its legal agent. The clerk was authorized by statute to accept the bond, and having done so and placed it on file, the rights of the town became fixed, and the officer having acted under it, is too late to now claim that it was never accepted by the clerk. It is not necessary to notice the objection to the instructions, as according to the view we take of the case, any instruction that would give the jury the right to defeat the bond under the evidence as it is, on the grounds that the bond was not accepted by the clerk, would be erroneous and the court can, on a new trial, govern itself accordingly.

For these reasons the judgment is reversed and the cause remanded.