AMBROSE W. ADAMS, as Constable, etc., Appellant, v. JOHN H. TATOR, Respondent.*

*Defects in a constable's bond* — 1 *Revised Statutes*, 346, *sec.* 21,† *as amended by chap.* 788 *of* 1872 — *until removed the constable's acts are to be treated as those of an officer* de jure *as to third persons.*

This action was brought by the plaintiff, as constable of the town of Fulton, Schoharie county, to recover the value of certain personal property which he had levied upon and advertised for sale at public auction, by virtue of two executions, issued by a justice of the peace upon two judgments against one George G. King; this property the defendant, claiming the same under a chattel mortgage given to him by King, but not filed until after the levy, took and carried away after the levy and before the sale.

Upon the trial it appeared that the bond filed by the constable upon his election, in February, 1885, complied with the requirements of section 21 of 1 Revised Statutes, 346, but did not contain the provision prescribed by chapter 788 of 1872,† making the person signing the same liable to pay for any damages which might be occasioned by any act or thing done by the constable by virtue of his office.

On January 12, 1886, the day before the trial, the plaintiff executed and filed with the town clerk a new bond, with the same sureties as in the first, which complied with the statute as amended in 1872.

*Held*, that the trial court erred in granting a motion for a nonsuit, made upon the ground that at the time of making the levy the plaintiff was not a constable *de jure*, and, therefore, had no right to bring this action as constable.

That, as the plaintiff had been duly elected, had taken the oath of office and filed the bond required by the statute prior to the amendment of 1872, he was not merely a *de facto* officer, but an officer *de jure*, with a title defeasible only by the action of the people in the nature of a *quo warranto*, or by the action of a justice of the peace declaring a vacancy to exist, and appointing another person to fill it.

That, even if the plaintiff was merely a *de facto* officer, it might be doubted whether the rule preventing such an officer from asserting his title to his own advantage, at the expense or to the injury of another, but holding his acts to be valid, so far as to protect third parties from injury, should be so applied as to deprive the judgment creditor of the lien which attached to the judgment debtor's property upon the delivery of the execution to the *de facto* constable.

---

*Decided January 4, 1887.

† The act of 1872 purports to amend section 43 of the Revised Statutes, but the first edition has no section 43. The reference in the amendatory act would appear to be to the fifth edition. [Rep.

APPEAL from a judgment dismissing the complaint, entered upon a nonsuit granted at the Schoharie Circuit.

The plaintiff brought this action as constable of the town of Fulton, Schoharie county, to recover the value of certain personal property which he had levied upon and advertised for sale at public auction, by virtue of two executions issued by a justice of the peace upon two judgments in favor of one Mickle against George G. King; which property the defendant, claiming the same under a chattel mortgage given to him by King, but not filed until after the levy, took and carried away after the levy and before the day of sale. At the close of the plaintiff's testimony the defendant moved for a nonsuit, upon the ground that, at the time of making the levy the plaintiff was not a constable *de jure*, and therefore had no right to bring this action as constable. The court granted the motion. The alleged defect in the plaintiff's title to the office of constable consisted in the fact that the bond filed by him in the town clerk's office, upon his election to the office in February, 1885, omitted the following provision prescribed by chapter 788, Laws of 1872: "And, also, jointly and severally agree and become liable to pay each and every such person for any damages which he may sustain from or by any act or thing done by said constable by virtue of his office of constable." This was an addition to the provisions of 1 Revised Statutes, 346, section 21, which required that the obligors should " jointly and severally agree to pay to each and every person who may be entitled thereto, all such sums of money as the said constable may become liable to pay on account of any execution which shall be delivered to him for collection." The bond given by the constable conformed to the provisions of the Revised Statutes before the amendment of 1872. On January 12, 1886, the day before the trial, the plaintiff executed and filed with the town clerk a new bond, with the same sureties as in the first bond, in conformity with the statute as amended in 1872. The plaintiff apparently made a *prima facie* case in other respects, and the nonsuit was granted.

*S. L. Mayham,* for the appellant.

*W. C. Lamont,* for the respondent.

LANDON, J.:

The plaintiff was duly elected, took the oath of office, filed such a bond as the statute required before the amendment of 1872, but omitting the additional clause prescribed by that amendment, and in good faith entered upon the discharge of his duties. This bond was good to the extent of its provisions. (*People ex rel. Comstock* v. *Lucas*, 93 N. Y., 585.) The plaintiff, therefore, was not merely a *de facto* officer, but an officer *de jure*, with a title defeasible, only upon the action of the people in the nature of a *quo warranto*, (*Foot* v. *Stiles*, 57 N. Y., 399; *People ex rel. Woods* v. *Crissey*, 91 N. Y., 635). or upon the justice of the peace declaring a vacancy and appointing another to fill it. (*Horton* v. *Parsons*, 37 Hun, 42.)

The statute (1 R. S. [5th ed.], m. p. 346, § 46 [24], says the neglect by a person chosen constable to give the prescribed bond within the time limited for that purpose, (eight days after he shall be notified of his election), shall be deemed a refusal to serve. This is not a self-executing *vacatur* of the office. If no bond at all is filed, the justices of the peace, in whom the power to fill a vacancy in this office is vested (1 R. S. [5th ed.], m. p. 348, § 61 [36], may, no doubt, exercise the function of deeming the neglect to file a bond the refusal to serve, and then proceed to fill the vacancy. But the time in which the constable shall file a bond is merely directory. (*Dutton* v. *Kelsey*, 2 Wend., 615.) And if the constable file it in good faith after the time prescribed, and before the justices have declared the vacancy, it follows that he will make good his title. (*People ex rel. Williamson* v. *McKinney*, 52 N. Y., 374.)

In this case, the constable having filed a bond which contained some, but not all, of the provisions of the statute, could not, in fairness, be deemed by the justices to have refused to serve, especially when they knew he was serving, without giving him an opportunity to file a perfect bond. But grant that they had the power to do it, and we must grant it, still they did not declare the office vacant, and hence the plaintiff was not ousted. He was not an usurper like an alien, or a woman or a minor, who are declared ineligible, and who, therefore, may not assume to hold the office, for lack of legal capacity to be able to fill it. He was eligible; he had been chosen; he simply followed the old form instead of the new in preparing his bond;

he was the rightful officer with a flaw in his title, which might or might not oust him, and which nobody except the people, by their justices of the peace, or attorney general, had any authority to urge, or act upon, to his downfall.

On the day before the trial, the plaintiff executed and filed a new bond, with sureties, in the form prescribed by the statute. We do not think it was necessary for him to do this in order to maintain this action, but if the foregoing views are correct, this new bond cured the defect in his title, and a *quo warranto* could not then oust him. But the bond does not confer title; it only enables the officer to keep it. If the plaintiff acquired title by the election in February, 1885, and then took the oath of office and entered upon its duties, and when the trial took place, his title was indefeasible, in the absence of any statute forbidding his levying an execution without first filing his bond, it is difficult to see upon what ground it could be held he had no title to the office in the meantime.

The general rule with respect to *de facto* officers is, that the office is so far void as to prevent the officer from asserting it to his own advantage at the expense or to the injury of another, but is valid so far as to protect third parties from injury; in other words, void as to himself, but valid as to strangers. (*People ex rel. Hopson* v. *Hopson*, 1 Denio, 574; *Weeks* v. *Ellis*, 2 Barb., 320; *Matter of Kendall*, 85 N. Y., 302.)

If the plaintiff was merely a *de facto* officer, it may be doubted whether this rule should be so applied as to deprive Mickle, the judgment creditor, of the lien which attached to the judgment debtor's property upon the delivery of the executions to the *de facto* constable. (Code Civil Pro., § 1405.) That lien could only be made available by means of levy and sale. The constable was the official agent, through whom Mickle must realize upon his lien. (*People ex rel. Comstock* v. *Lucas*, 93 N.Y., 538.) The defendant had a chattel mortgage upon the same property, but he did not file it until after the execution was delivered to the constable, and therefore his lien was subsequent to Mickle's. (*Hathaway* v. *Howell*, 54 N.Y., 97.) The defendant, when he seized and carried away the property, did so without right. But, if by interposing the defect in the constable's title, he can compel an abandonment of the levy, he can

thus displace the lien of the execution and obtain for his chattel mortgage priority of lien over any subsequent execution or levy. Besides, the goods of the execution debtor having been taken from him upon the execution, he has the right to insist that they shall be applied in satisfaction of it. (*Peck* v. *Tiffany*, 2 N. Y., 456.)

The rule that the acts of a *de facto* officer are valid as to strangers, ought to be so applied as to prevent this loss to Mickle. It may be that he would have his action for his loss against the constable, but the difference between a right of action against the constable, and the goods in the hands of the constable upon the execution, may be the difference between losing his claim and collecting it. The action against the defendant is brought by the constable. His right of action is founded upon the special property acquired by virtue of the levy. (*Barker* v. *Binninger*, 14 N. Y., 280.) But as was said in *Howland* v. *Willetts* (9 N. Y., 174), "the sheriff acts for and in behalf of the plaintiff in the execution, and that the plaintiff is the substantial party, the one immediately and directly interested in the levy and the property or money acquired by virtue thereof." (*Root* v. *Wagner*, 30 N. Y., 9.) The rule that the *de facto* officer's acts are valid as to third parties, ought, it seems, to be so applied as to be valid against a third party's wrong, when that wrong is employed to defeat the execution creditor's subtantial right of property.

The judgment should be reversed and a new trial granted, costs to abide the event.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment reversed, new trial granted, costs to abide event.