(5 Misc. Rep. 529.)

LEVIN v. ROBIE et al.

(Superior Court of Buffalo, General Term.   November 14, 1893.)

1. MUNICIPAL COURT—JURISDICTION—ACTION ON CONSTABLE'S BOND.
    Under an act creating a municipal court with jurisdiction theretofore possessed by justices of the peace except as otherwise provided in the act, it has jurisdiction of an action on a constable's bond for damages for failure to levy and return an execution, justices theretofore having had such jurisdiction, and the act having made no change with respect thereto.

2. SAME—APPOINTMENT OF CONSTABLES.
    A provision of a city charter for the appointment by the judges of the municipal court, from the constables elected for the several wards of the city, such a number thereof as may be required to do the work of the court, does not create a new office, but the acts of an appointee are by virtue of his office as constable.

3. CONSTABLES—BONDS.
    Under the provision of the charter that a constable appointed by the judges of the municipal court, before entering on the duties imposed thereby, shall execute and file with the city clerk a bond for the faithful performance of his duties, and for payment to the person entitled thereto of money which may come into his hands from an execution delivered to him, such bond is an ordinary constable's bond.

4. SAME—ACTION ON—PARTIES.
    Such bond may be sued on by an individual in his own name and without leave, it being merely an instrument of security, which Code Civil Proc. § 3041, allows an individual to sue on in his own name, and not an official bond running to the people, which section 1888 permits prosecution of for the benefit of an individual only on leave.

5. MUNICIPAL COURTS—EXECUTION—TO WHOM DIRECTED.
    Where an act creating a municipal court with jurisdiction of justices' courts provides for the issuance of executions, but is silent as to whom they shall be directed to, Code Civil Proc. § 3025, providing that in justices' courts they shall be directed to any constable of the county, will govern, though the municipal court act provides for the appointment of constables from the city to attend on it.

Appeal from municipal court.

Action by David Levin against John E. Robie and others on a constable's bond.   Judgment for plaintiff.   Defendants appeal. Affirmed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

Thomas Cary Welch, for appellants.
Swift, Weaver & Marcus, for appellee.

HATCH, J.   The first claim made by defendant why the judgment rendered against him should be reversed is that the court had no jurisdiction of the subject-matter of the action.   The action seeks to charge defendant Robie, as surety, with liability for the failure of his principal, a constable, to levy an execution upon property of the judgment debtor, and make return thereon as required by law.   The constable was duly appointed by the judges of the municipal court of Buffalo from the body of constables elected for the several wards of the city, as required by section

471 of the Revised City Charter, (chapter 105, Laws 1891.)[1] Said constable executed and filed a bond, as required by section 472, Charter, which, so far as important here, reads:

"He shall before he enters upon the duties imposed by this act, execute and file with the city clerk a bond with sureties, for the faithful performance of his duties, and for the payment to the person entitled thereto of all sums of money which may come into his hands from any execution or any process delivered to him."

This section abridges in phraseology, but in substance it is the same as, the prior statute respecting bonds executed by constables in courts of a justice of the peace. 2 Rev. St. (8th Ed.) p. 890, § 21. In the latter bond two things are required: First, payment over of moneys collected on execution; second, liability in damages for his acts as constable. The first clause of the quoted section of the charter provides for the second contingency above noted, while the remainder of the section quite closely follows the language of the Revised Statutes. It is not questioned but that justices of the peace had and have jurisdiction of actions brought to recover damages for breaches of the bond, either for failure to perform duty, or neglect to pay over money collected. This jurisdiction was formerly derived from the Revised Statutes. Warner v. Racey, 20 Johns. 74; Dutton v. Kelsey, 2 Wend. 615; Skellinger v. Yendes, 12 Wend. 306. Now it is derived from the Code of Civil Procedure. Jones v. Newman, 36 Hun, 634; Sutherland v. McKinney, (Co. Ct.) 10 N. Y. Supp. 876.

The municipal court of Buffalo was designed to supplant courts of justices of the peace for this city, and to supply a further need in the judicial machinery. The act creating said court, as amended, (Laws 1891, c. 105,) provided that it should possess such jurisdiction in civil actions and proceedings, and exercise the same powers and jurisdiction, as has been heretofore exercised by justices of the peace in the city, except as provided in the act. The act then proceeds to greatly enlarge the jurisdiction of the court both as to amount involved and subject-matter; but nowhere that I can find in the act has jurisdiction been limited or changed with respect to constables' bonds. It is said that a new office was created by the appointment of the constable to execute process and mandates of the court, and that an additional and new bond was required of the officer, of which the court is not given specific jurisdiction of a cause of action for a breach thereof. No new office is created. The person appointed must be a constable, and, when appointed, he does not cease to be a constable, but performs the duties of one. True, his obligation as to amounts and objects are somewhat enlarged, but in all that he does he acts by virtue of his office as constable, and in no other capacity. The only change is that

[1] Laws N. Y. 1891, c. 105, § 471, is as follows: "The judges of the municipal court may appoint from the constables elected from the respective wards such a number thereof as may be required to do the work of this court, and may revoke such appointment at pleasure. No person shall execute the process of the court except the constables duly appointed, and such other persons as may be deputized in the manner now provided by law."

he is designated to serve upon a particular court. As this service increased the obligation ordinarily attaching to the office, the legislature saw fit to impose the condition of further security. But this security is still neither more nor less than an ordinary constable's bond, covering the proper performance of duty; and, while the channel of the bond is somewhat changed, yet the obligation thereby created is for the same acts, and has the same object in view. The language conferring jurisdiction upon the municipal court with respect to these bonds is the same in substance as that from which the jurisdiction of the justice's court is derived. There is nothing inconsistent in the municipal court act and the sections of the Code relating to courts of justices of the peace, so far as the present question is concerned. On the contrary, it seems to have been the intent of the legislature to make the sections of the Code creating liability a part of the law applicable to the municipal court. The language of section 456, Charter, is ample in scope to embrace it, and nothing following it creates a limitation. The language of the Code (section 3041) is, "may maintain an action in his own name, upon the instrument of security given by the constable and his sureties." This section creates a cause of action for failure to pay over moneys collected, and the language includes such an instrument as was executed in the present case, by virtue of the municipal court act. Section 1880, Code Civil Proc., and subsequent sections in article 2, have no application to this case. The bonds there provided for are official bonds of the respective officers, running to the people of the state, as required by the provisions of the Revised Statutes, (2 Rev. St. [8th Ed.] p. 1048, § 18; Id. p. 1061, § 67; Id. p. 1065, § 87;) and are penal in their character. The general provision embraced in section 1888, Code, is limited to such bonds as are required to be given to the people, and such are its express terms. The bond in the present instance is not required to be given to the people of the state; it is simply a bond with sureties for the faithful performance of duty. Section 472, Charter. It could run to the people, the judges of the court, the city clerk, or to any person entitled to maintain an action thereon. Dutton v. Kelsey, 2 Wend. 615. It does not partake of the characteristics of a penal bond, but is in the nature of an agreement between the constable and his sureties and the person aggrieved by the act of the constable. The essential thing is that the agreement contain the substance of the statute. Upon such bonds no leave to sue is necessary. People v. Holmes, 2 Wend. 281; Lawton v. Erwin, 9 Wend. 234; Jones v. Newman, 36 Hun, 634. The court, therefore, had jurisdiction of the subject-matter of the action, and the bond sued upon complies with the statute.

It is further claimed that the execution is void, for the reason that it is directed to any constable of the county of Erie. The constable who received the execution in this case answers this description. He is a constable of the county of Erie, and his appointment by the judges of the municipal court does not deprive

him of this status. Besides, the municipal court act is silent as to whom the execution shall be directed. It provides (section 458) for the issuance of an execution. We are therefore relegated to the practice of justices' courts for the proper direction of it. Section 3025, Code Civil Proc., is mandatory that the execution must be directed generally to any constable of the county. The direction observed this authority, and was proper.

The judgment was sufficiently proved. The docket was produced and read in evidence. This showed a judgment. The return contains a transcript of the judgment as entered in the docket. This transcript is not signed by a judge of the court or its clerk, and is not therefore properly authenticated; but this is cured by defendant's stipulation that a true copy of the docket might be certified by the stenographer of the court, which was done. Code Civil Proc. § 938, provides that the docket book of the justice shall be evidence before him of any matter required by law to be entered by him therein. Section 939 applies the same rule to an authenticated transcript. The docket and transcript, or either, are prima facie proof of the judgment. Stephens v. Santee, 49 N. Y. 38; Bradner v. Howard, 75 N. Y. 417; Belgard v. McLaughlin, 44 Hun, 557.

The complaint states a cause of action against the constable for failure to levy the execution and make the amount of the same, there being sufficient property for that purpose. By amendment upon the trial, an allegation was inserted that said constable did not make return of the execution within five days after the return day thereof. The proof upon the trial tended to establish, and was sufficient for that purpose, that execution was issued upon the judgment proved, and delivered to plaintiff's attorney, Wade. While the attorney does not say in terms that he delivered the execution to the constable, yet he testifies to facts from which such inference clearly arises. He states in substance that he saw the constable, explained the circumstances to him, informed him of defendant's place of business, the character of the property, and that it, the execution, was collectible. He was thereafter informed by the constable that he had been induced not to make the levy by the payment of $10 on the execution. This happened during the life of the execution, and was consequently admissible as a part of the res gestae. Wade further testifies that he subsequently saw the constable, urged upon him the necessity of making the levy, and had several appointments to meet him for that purpose, which the constable failed to keep, and never made a levy. While the proof is not entirely clear upon the subject of the return of the execution, yet it was sufficient for the court to find that it had not been returned, and the time for that purpose had expired. Upon these facts, as there was no proof that the execution could not be made, plaintiff became entitled to recover of the constable the whole amount of the execution, with interest. Code Civil Proc. § 3039. It would seem to follow that, as the constable failed to properly perform his duty and make the execution, there was

a breach of the bond, creating a liability against the surety for the damages sustained. People v. Lucas, 93 N. Y. 588. The evidence would have authorized the judge to find that the damages equaled the amount of the execution. It is not therefore essential to determine whether or not the declarations of the constable as to the amount he had received upon the execution was admissible against the surety or not. It is enough to say that defendant is not prejudiced thereby, and the merits of the action remain unaffected, as plaintiff might have recovered a much larger sum. Code Civil Proc. § 3063. No substantial error being found, the judgment is affirmed, with costs. All concur.