(7 Misc. Rep. 371.)

### PEOPLE v. McKANE.

(Supreme Court, Special Term, Herkimer County.   February, 1894.)

CRIMINAL LAW—APPLICATION FOR STAY PENDING APPEAL.

    Under Code Cr. Proc. § 527, providing for a stay of proceedings pending appeal, where there is filed "a certificate of the judge who presided at the trial, or of a judge of the supreme court, that in his opinion there is reasonable doubt whether the judgment should stand," an application for such certificate will be denied where it appears that a similar application was made to the trial judge, and denied by him.

Ex parte application by John Y. McKane for a certificate of reasonable doubt, under Code Cr. Proc. § 527, in order that he may obtain a stay of proceedings pending an appeal from a judgment of conviction under an indictment for felony.   Denied.

George W. Roderick and A. M. Mills, for petitioner.

HARDIN, J.   Chapter 1 of title 11 of the Code of Criminal Procedure authorizes the defendant to appeal from the judgment rendered against him, "as a matter of right."   See Code Cr. Proc. § 520. Section 527 provides that a stay of the execution of the judgment shall be had, provided there is filed "a certificate of the judge who presided at the trial, or of a justice of the supreme court, that in his opinion there is reasonable doubt whether the judgment should stand, but not otherwise."   In People v. Wentworth, 3 N. Y. Cr. R. 111, I had occasion, to some extent, to state the rules which should be applied upon an application for a certificate.

The defendant was indicted, with three inspectors of election, forming the registry board of the first election district in the town of Gravesend, for violation of the election law found in chapter 693 of the Laws of 1892, as amended by chapter 692 of the Laws of 1893. He was charged with a felony, and convicted, and judgment rendered against him on the 19th day of February, 1894, and sentenced to imprisonment in the state's prison in Sing Sing for the term of six years.   He is therefore not entitled to submit an application for a certificate mentioned in section 527 of the Code of Criminal Procedure "until such notice as the judge may prescribe has been given to the district attorney of the county where the conviction was had of the application for the certificate."   His counsel ask that a notice shall be prescribed, and thereupon given to the district attorney, of this application, and that in the mean time a stay of the execution of the judgment should be awarded, and that a hearing should be allowed in pursuance of the notice, at which the record of the trial may be presented, and the rulings and charge and evidence be examined.   From the papers presented on this application, it appears that a similar application was presented to Judge CULLEN, one of the justices of the judicial district where the trial took place, and that an extensive argument was had before him by the learned counsel for the defendant, as well as by the counsel for the people, and that he took the case into consideration, and deliberately delivered a very careful and clear opinion, covering the numerous questions presented to him in the application for a certificate; and, in

pursuance of the conclusion reached in that opinion, he denied the application for a certificate. That decision, made by him under those circumstances, remains in full force and virtue. When the application for a stay of proceedings was presented to me in 1874 by the defendant's counsel in People v. Tweed, 67 Barb. 496, in the course of the opinion I said:

"Indeed, in cases of a criminal character, which have been had before an oyer held by me, such applications have uniformly been made, and no writ with a stay of proceedings has been granted by another officer after such conviction. Such course is conducive to harmony, and common courtesy among judicial officers is promoted by it. This consideration should have its force in this case, inasmuch as this application is made outside of the judicial district in which the trial took place."

Although it is not in terms provided in section 527 of the Code of Criminal Procedure, or in section 529, that an application to one judge, only, shall be made for a certificate, it is to be observed that the sections do not, in terms, authorize applications to be made to several and successive judges. Judge Ingraham, in Loring v. Gutta-Percha Co., 30 Barb. 646, said that some time since it was held in the first district that the decision of another court of co-ordinate jurisdiction should be respected, and regarded as controlling, until reversed. In Harris v. Clark, 2 Barb. 101, Gridley, J., observed:

"We believe in a rigid adherence to the doctrine of stare decisis. We regard it as necessary to preserve the certainty, the stability, and the symmetry of any system of jurisprudence."

Although, according to the precedents, the doctrine of stare decisis is not applied, with all its vigor, to nonenumerated motions, yet it is founded in principle that is wholesome to apply where efforts are made to obtain different results upon similar questions, or the same case, by presenting such questions in the case to different judges of co-ordinate powers and jurisdiction. It appears the defendant had the benefit of a very extended trial, in which he was represented by able counsel, which was presided over by a learned justice of this court, apparently with care and ability, and he has had the benefit of a full and careful investigation of the rulings, decision, and evidence taken upon the trial by another learned judge of the supreme court. And the presumption that arises that the judgment is right, as well as the presumption that the certificate was properly refused, arising from the fact that the judge who heard it made a careful investigation of all the leading questions presented to him, as evidenced by the opinion submitted upon this application, to which may be added the circumstance that the application now pending is made outside of the district where the trial took place, and outside of an adjacent district, and to a judge whose services are required in discharge of his duty as a member of the general term of the fourth judicial department, and who, therefore, cannot well spare the time necessary to review the trial, which required the taking of some 4,000 pages of evidence, or review the decision made thereafter by the judge who heard a similar application, render it proper that the present application should be denied, and that the stay of execution asked for should be refused. Application denied. Stay refused.